Submitted November 12, reversed and remanded December 23, 2020

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TERRY JOSEPH READ,
*Defendant-Appellant.*

Washington County Circuit Court
18CR52473; A170210

480 P3d 332

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant appeals from a judgment of conviction for first-degree criminal trespass for knowingly entering and remaining unlawfully in a dwelling, ORS 164.255. He first assigns error to the denial of his motion for a judgment of acquittal, arguing that "the state's evidence in this case established that defendant was *unaware* of the nature of his intrusion" into a lit and occupied home. (Emphasis in original.) That was one available inference from defendant's behavior at and around the time he entered the home, but it was not the only available inference about his mental state. We therefore reject his first assignment of error. *See State v. Hedgpeth*, 365 Or 724, 733, 452 P3d 948 (2019) (when a court considers a motion for judgment of acquittal, "the question is whether the factfinder reasonably could infer that a particular fact flows from other proven facts," not whether the fact *necessarily* flows from proven facts).

In his second assignment, defendant argues that the court erred in denying his motion for a continuance after the surprise unavailability of his expert, who would have testified about defendant's medical conditions (traumatic brain injury and an epileptic disorder), connected them to defendant's behavior at the time of the incident, and opined on his mental state when entering the home. Defendant filed the motion on the morning of trial, shortly after learning that the expert he hired had been subpoenaed to testify in another case on the same date—a potential conflict that the expert had failed to disclose. Defendant informed the court that the state did not oppose the motion and that the parties had agreed to a future trial date on which the expert was available to testify.

Despite the lack of any objection by the state, the trial court on its own raised questions about the expert's qualifications (that he was a neuropsychologist and "not a medical doctor"), cut off defense counsel's argument about prejudice, and then entered an order denying the motion that stated, "[w]ay too late request + no assurance expert can even testify to information (*i.e.*, Ø medical records)."[1]

---

[1] We note that Judge D. Charles Bailey, Jr., decided the motion for a continuance, whereas Judge Wipper presided over the trial and entered the judgment of conviction.

On appeal, defendant argues that the court abused its discretion in denying his motion for a continuance to produce a critical witness, and the state concedes the error. As the state points out, the trial court's ruling on the continuance rested either on a mistake of fact or a mistake of law: Either the court erroneously believed that the expert had not reviewed defendant's medical records—which would have been factually incorrect and inconsistent with defense counsel's affidavit—or the court believed that defendant was required to proffer some additional assurance of the expert's competency and qualifications beyond what was included in defense counsel's affidavit in support of the motion, such as an expert report—a proposition that finds no support in the law. The state further concedes that the error in denying the continuance was prejudicial, considering that defendant's mental state was the key issue in the case. We agree with and accept the state's concession of error, reverse defendant's conviction, and remand for a new trial. *See State v. Johnson*, 304 Or App 78, 79 n 1, 86, 466 P3d 710 (2020).

Reversed and remanded.